OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by petitioners for an order declaring the tax roll prepared and filed by the Town of Guilderland for 1977 illegal, and for an order directing the respondents to make all future assessments of real property at full value rather than at a percentage of full value.
The petition alleges that this motion is made in conjunction with a proceeding commenced by the petitioners (property owners and taxpayers in the Town of Guilderland) pursuant to *1074 article 7 of the Real Property Tax Law, and that real property in the Town of Guilderland is assessed at approximately 9% of full value, and that section 306 of the Real Property Tax Law requires that all real property be assessed at the full value, and that the Court of Appeals in Hellerstein v Assessor of Town of Islip (37 NY2d 1) held that fractional assessments are not authorized by statute and are therefore illegal. The petition further alleges that the respondents are continuing to assess property at a fraction of the full value thereof, contrary to the holding of the Court of Appeals in Hellerstein (supra) and contrary to the provisions of the Real Property Tax Law.
The respondents, in their answer, contend that no action or special proceeding has been commenced or is now pending relating to future real property assessments in the Town of Guilderland and that the only pending action is to seek a review of petitioners’ individual assessments because of alleged overvaluation and inequality.
This court cannot agree with the contentions of the respondents. The petition discloses that this motion is made in conjunction with a proceeding commenced by these petitioners pursuant to article 7 of the Real Property Tax Law and, in fact, a copy of the notice of petition dated August 15, 1977 and returnable at Special Term on September 23, 1977 is attached to the petition herein. The present motion is made as part of that said proceeding instituted pursuant to article 7 of the Real Property Tax Law which permits court review of an assessment upon a complaint of illegality, overvaluation or inequality.
The New York State Court of Appeals in the Hellerstein case (supra) declared that fractional assessments are contrary to section 306 of the Real Property Tax Law and are, therefore, illegal. The respondents herein do not deny that they are assessing property in the town at a fraction of the full value. Therefore, the petitioners, on the authority of Hellerstein (supra) are entitled to an order directing the Town of Guilder-land to make future assessments at full value as required by section 306 of the Real Property Tax Law. To make the transition, the town is allowed a reasonable time, but not later than December 31, 1979. In the interim, assessments may be made in accordance with the existing practice and any tax levies, liens, foreclosures or transfers based on such assessments shall not be subject to challenge for failure to comply *1075 with section 306 of the Real Property Tax Law. (See Hellerstein, supra.)